UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SERGIO ALUNAN,

        Plaintiff,

    v.

YOLO COUNTY, YOLO COUNTY BOARD
OF SUPERVISORS, YOLO COUNTY
PUBLIC AUTHORITY FOR IN-HOME
SUPPORTIVE SERVICES, YOLO
COUNTY DISTRICT ATTORNEY'S
OFFICE, DAVID HENDERSON as
DISTRICT ATTORNEY OF YOLO
COUNTY, STEVE BASHA as COUNTY
COUNSEL FOR YOLO COUNTY, DAN
CEDERBORG, HELEN THOMPSON,
RICHARD GILBERT, and DOES 1-
20,

        Defendants.

NO. CIV. S-10-356 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on defendants Yolo County
(the "County"), Yolo County Board of Supervisors ("Board of
Supervisors"), Yolo County Public Authority for In-Home
Supportive Services ("IHHS"), Yolo County District Attorney's
Office ("District Attorney's Office"), David Henderson as
District Attorney of Yolo County, Steve Basha as County Counsel

1

for Yolo County, Dan Cederborg, Helen Thomson, and Richard

Gilbert's (collectively "defendants") motion to dismiss plaintiff

Sergio Alunan's ("plaintiff" or "Alunan") complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6).  Defendants argue that

plaintiff fails to state a plausible claim for relief under the

Americans with Disabilities Act ("ADA"), and that plaintiff's

various § 1983 claims are barred by the statute of limitations.

Plaintiff opposes the motion with respect to his ADA claims[1] and

makes a cross-motion for leave to amend his first amended

complaint to assert state law claims under California's Fair

Employment and Housing Act ("FEHA"), based on the same essential

allegations supporting his ADA claims.[2]

In response to the motion, plaintiff proffers additional

facts via a declaration and alleges further facts in support of

his ADA and FEHA claims in his proposed second amended complaint;

however, for purposes of a Rule 12(b)(6) motion to dismiss, the

court may only consider the factual information in plaintiff's

first amended complaint and information that has been judicially

noticed.[3]  Thus, in resolving the motion, the court has not

---

[1]    Plaintiff did not oppose defendants' motion to dismiss
his § 1983 claims and did not include them in his proposed second
amended complaint.  (See Pl.'s Opp'n ["Opp'n"], filed Sep. 10,
2010, at 1, n. 1).  Plaintiff also did not oppose defendants'
motion to the extent that it sought to dismiss the ADA claims
against the individual defendants.  As such, defendants' motion
to dismiss on these grounds is granted.

[2]    Because oral argument will not be of material
assistance, the court orders these matters submitted on the
briefs.  E.D. Cal. L.R. 230(g).

[3]    Plaintiff did not object to defendants' Request for
Judicial Notice; because the court finds the documents properly
admitted under Federal Rule of Evidence 201, the court considers
the documents in ruling on defendants' motion to dismiss.

2

considered plaintiff's declaration or the allegations of the
second amended complaint, except with respect to determining
whether plaintiff should be given leave to amend.

     For the reasons set forth below, defendants' motion to
dismiss is GRANTED.  However, plaintiff is permitted leave to
file a second amended complaint in accordance with this order.

**BACKGROUND**

     The instant lawsuit arises out of plaintiff's former
employment as the Executive Director to IHSS.  Plaintiff began
working for IHSS in February 2002.  (Pl.'s First Am. Compl.
["Compl."], filed June 22, 2010, ¶ 16).  In 2002 the County
obtained a grant to purchase a van which was modified in order to
transport disabled individuals.  (Id. ¶ 21).  Plaintiff uses a
wheelchair because he suffers from Post-Polio Syndrom and
Quadraparesis, which does not allow him to have full function of
his legs and prevents him from walking.  (Id. ¶ 15).  Plaintiff
made oral requests in December 2002 for reasonable accommodation
to the County Human Resources Department to use the van to drive
to and from work and to attend meetings outside Yolo County.
(Id. ¶¶ 22-24).  Plaintiff assumed that his request had been
accepted and subsequently began using the van regularly for
several years.  (Id. ¶ 25).

     On January 7, 2003 plaintiff was appointed Executive
Director of IHSS and entered into a Memorandum of Agreement with
Yolo Public Authority.  (Id. ¶ 26).  In early 2005 the Board of
Supervisors received an anonymous memorandum regarding
plaintiff's use of the County van.  (Id. ¶ 32).  After an
investigation, plaintiff was given notice of proposed

3

1  disciplinary action by the IHSS Board that recommended, among
2  other things, that plaintiff be suspended for 20 days without pay
3  and reimburse the County for the fuel costs from his use of the
4  van. (Id. ¶ 33). In January 2006, the District Attorney's
5  Office charged plaintiff with felony charges for, among other
6  things, misappropriation of public moneys and unauthorized use of
7  a vehicle. (Id. ¶ 39). As a result of the pending criminal
8  charges, plaintiff was placed on administrative leave by the
9  County starting on February 8, 2006. (Id. ¶ 48; Defs.' RJN,
10 filed Aug. 4, 2010, at Ex. E). On March 9, 2007 plaintiff was
11 terminated from his position as Executive Director of IHSS.
12 (Compl. ¶ 42).

13       Plaintiff alleges that he initially filed a complaint with
14 California's Department of Fair Employment and Housing ("DFEH")
15 on October 29, 2007 at the latest. (Id. ¶ 43). Ultimately, the
16 DFEH prepared plaintiff's complaint, which was signed by
17 plaintiff on February 29, 2008 and stamped "received" by DFEH on
18 March 3, 2008. (Defs.' RJN at Ex. G). On February 11, 2009
19 plaintiff received a right-to-sue letter from the DFEH. (Compl.
20 ¶ 44). The instant lawsuit was filed on February 10, 2010.
21 Plaintiff alleges defendants violated the ADA, specifically
22 claiming disability discrimination, failure to accommodate
23 disability and retaliation. (Defs.' Mot. Dismiss ["Mot."], filed
24 Aug. 4, 2010, at 2).

25                          **STANDARD**

26       Under Federal Rule of Civil Procedure 12(b)(6), a claim may
27 be dismissed because of the plaintiff's "failure to state a claim
28 upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A

4

dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  <u>Johnson v. Riverside Healthcare Sys.</u>, 534 F.3d 1116, 1121 (9th Cir. 2008); <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).

On a 12(b)(6) motion to dismiss, the factual allegations of the complaint must be accepted as true.  <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations."  <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  <u>Iqbal</u>, 129 S. Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action,

5

supported by mere conclusory statements, do not suffice.").
Moreover, it is inappropriate to assume that the plaintiff "can
prove facts which it has not alleged or that the defendants have
violated the . . . laws in ways that have not been alleged."
<u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council
of Carpenters</u>, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which
the plaintiff has alleged "enough facts to state a claim to
relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949
(citing <u>Twombly</u>, 550 U.S. at 570).  Only where a plaintiff has
failed to "nudge [his or her] claims across the line from
conceivable to plausible," is the complaint properly dismissed.
<u>Id.</u> at 1952.  While the plausibility requirement is not akin to a
probability requirement, it demands more than "a sheer
possibility that a defendant has acted unlawfully."  <u>Id.</u> at 1949.
This plausibility inquiry is "a context-specific task that
requires the reviewing court to draw on its judicial experience
and common sense."  <u>Id.</u> at 1950.

In ruling upon a motion to dismiss, the court may consider
only the complaint, any exhibits thereto, and matters which may
be judicially noticed pursuant to Federal Rule of Evidence 201.
<u>See</u> <u>Mir v. Little Co. Of Mary Hospital</u>, 844 F.2d 646, 649 (9th
Cir. 1988); <u>Isuzu Motors Ltd. V. Consumers Union of United
States, Inc.</u>, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A.    Timeliness of Plaintiff's DFEH Complaint**

Defendants argue plaintiff's ADA claims must be dismissed
because plaintiff failed to timely exhaust administrative

6

remedies with the DFEH.  (Mot. at 7-8).  Defendants maintain

plaintiff did not file his complaint within the requisite 300

days of his termination from employment on March 9, 2007, which

was the latest alleged act of discrimination in violation of the

ADA.  (Id.).  Defendants contend plaintiff filed his complaint

with the DFEH on March 3, 2008, 360 days after he was terminated.

(Id.).  Plaintiff responds that starting no later than October

29, 2007, he named defendants in "various contacts" with the DFEH

and asked DFEH to take remedial action to address his claims

regarding disability discrimination and denial of reasonable

accommodation.  (Opp'n at 4-5).  Plaintiff contends that his

contacts with the agency were sufficient to effectuate the filing

of a charge of discrimination with DFEH, and therefore, his claim

was filed no later than October 29, 2007--only 234 days after his

termination.  (Opp'n at 4-5).

      In order to bring a civil action under Title VII, a

plaintiff is first required to exhaust administrative remedies.

See e.g. Lyons v. England, 307 F.3d 1092, 1103-04 (9th Cir.

2002).  To exhaust administrative remedies the aggrieved party

must file a timely charge with the EEOC.  42 U.S.C. § 2000e-5(b);

Lyons, 307 F.3d at 1104.  In a state where there is a law

prohibiting the unlawful employment practice and authorizing a

state or local authority to grant or seek relief from such

practice, the aggrieved party must first begin proceedings under

state or local law before filing a charge with the EEOC.[4]  42

---

[4]      The state or local agencies are authorized to
investigate and enforce Title VII claims pursuant to "worksharing
agreements" with the EEOC.  See 42 U.S.C. 2000e-8(b).  Under the
worksharing agreements each agency acts as each other's agent for

U.S.C. § 2000e-5(c). Generally, a person must file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). However, if the aggrieved person initially instituted proceedings with a State or local agency, the period for filing with the EEOC is extended to 300 days after the alleged violation. <u>Id.</u>

After filing with the State or local agency, an aggrieved party is not required to file a separate charge with the EEOC. Under Title VII the state agency has the initial right to process a complaint for 60 days; therefore, a charge is generally not considered filed with the EEOC until the expiration of 60 days, unless the state has "earlier terminated" its proceedings. 42 U.S.C. 2000e-5(c). In order to ensure timely filing with the EEOC, a claimant should generally file with the appropriate state agency within 240 days of the alleged unlawful practice. <u>See Mohosco Corp. v. Silver</u>, 447 U.S. 807 (1980). A state agency's proceeding is considered "terminated" if it has waived the 60 day deferral period in a worksharing agreement with the EEOC. <u>Laquaglia v. Rio Hotel & Casino</u>, 186 F.3d 1172, 1174-75 (9th Cir. 1999). If the state agency waives the deferral period then a charge that is filed with the state agency is considered constructively filed with the EEOC on the same day. <u>Laquaglia</u>, 186 F.3d at 1175; <u>Green v. L.A. County Superintendent of Schools</u>, 883 F.2d 1472, 1476 (9th Cir. 1989); <u>McConnell v. General Tel. Co.</u>, 814 F.2d 1311, 1315-16 (9th Cir. 1987).

---

the purpose of receiving charges of discrimination where there is an overlap in federal and state law.

8

The DFEH is the California agency that has entered into a worksharing agreement with the EEOC. 29 C.F.R § 1601.74. In order to initiate proceedings with the DFEH, the plaintiff must file a charge, which consists of a "verified complaint, in writing." Cal. Gov't. Code § 12960(b). Based on a worksharing agreement, the DFEH is considered an agent of the EEOC, and thus, on the date that a charge is initiated with the DFEH it is considered constructively filed with the EEOC. <u>Green</u>, 883 F.2d at 1476.

Ignoring Section 12960(b)'s express requirement of a verified, written complaint, plaintiff argues that the filing requirement runs not from the date formal charges are accepted by the EEOC or DFEH (here, March 3, 2008--the date the DFEH received plaintiff's written complaint [Defs.' RJN at Ex. G]), but rather from the date an agency receives what can be reasonably construed as a request for the agency to take remedial action.[5] (Opp'n at

---

[5]    In <u>Federal Express Corp. v. Holowechi</u>, the court held that in order for a filing with the EEOC to be deemed a charge, it must contain the information required by the federal regulations and "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." 552 U.S. 389, 402 (2008). Plaintiff mistakenly relies on the Supreme Court's holding in <u>Federal Express</u> because, under Title VII, in instances where state laws set forth additional requirements for filing a formal complaint, the state proceeding is deemed commenced upon the mailing of a "written and signed statement of the facts upon which the proceeding is based." 42 U.S.C. § 2000e-5(c). Thus, if plaintiff did chose to file separately with the EEOC, which he did not, his "various contacts" in October 2007 still would not have been sufficient to file a charge with the EEOC because plaintiff does not allege that they were made in the form of a written and signed statement. Because plaintiff filed with the state agency, he is subject to the state filing requirements; therefore, the timeliness of his complaint will be considered by looking at the DFEH filing requirements.

4).  Thus, plaintiff contends he initiated state proceedings within the 300 day period by making "various contacts" with DFEH, occurring "no later than October 29, 2007."[6]  (Opp'n at 4-5). Plaintiff further claims that DFEH made various mistakes in the preparation of his formal complaint, with respect to the parties involved and the specific factual circumstances underlying his complaint.  (<u>Id.</u> at 5).  He argues that he diligently tried to correct the mistakes, but the agency failed to write a proper complaint for four months.  (<u>Id.</u>).

     Plaintiff's argument that his "various contacts" with DFEH could have been reasonably construed as a request for the agency to take remedial action is inapposite.  California law requires that aggrieved persons file a "verified complaint, in writing," to begin proceedings with the DFEH.  Cal. Gov't. Code § 12960(b). The statute does not provide an alternative method for filing; therefore, plaintiff's alleged "contacts" with DFEH occurring no later than October 29, 2007 cannot be substituted for the "verified complaint, in writing" requirement under state law. <u>See</u> <u>Brahma v. Lembo</u>, 2010 WL 965296 (N.D. Cal. March 17, 2010)(holding that an unverified EEOC questionnaire submitted to the DFEH was insufficient to "institute state proceedings" under Title VII)(citing Cal. Gov't. Code § 12960(b)); <u>see also</u> <u>Cole v. Antelope Valley Union Hish Sch. Dist.</u>, 47 Cal. App. 4th 1505,

---

     [6]     Plaintiff relies on his declaration to support these allegations; the facts are not alleged in the first amended complaint.  However, even if the court considers these allegations and permits plaintiff leave to amend his pleading to allege these facts, for the reasons set forth below, the allegations are not sufficient to demonstrate the institution of state proceedings with the DFEH.

1515 (1996)(finding that section 12960(b) does not authorize an
alternative to the "verified complaint, in writing" requirement,
and that "it would not be practical to allow an employee to
substitute unverified information relayed to the DFEH in
correspondence, or orally, for a formal administrative charge").

Here, plaintiff initiated his state proceedings on March 3,
2008 when he filed his *written complaint* of discrimination with
the DFEH.  (Defs.' RJN at Ex. G).  Plaintiff was terminated from
IHSS on March 9, 2007, and thus, because plaintiff filed his
complaint after the 300 day filing deadline expired, the court
finds that plaintiff failed to timely exhaust his administrative
remedies with DFEH.  Defendants' motion on this ground must be
granted.

**B.    Failure to Exhaust Administrative Remedies with EEOC**

Defendants alternatively move to dismiss plaintiff's ADA
claims, arguing plaintiff failed to exhaust administrative
remedies with the EEOC because plaintiff did not mark the box on
the DFEH complaint form specifically requesting filing with the
EEOC.[7]  Thus, defendants assert plaintiff never filed with the
EEOC.  (Defs.' Reply ["Reply"], filed Sep. 7, 2010, at 7) (citing
Defs.' RJN at Ex. G).  Defendants also argue that even if
plaintiff's complaint was filed timely with the EEOC, based on
the theory of constructive filing through the DFEH, he did not
allege receipt of a right-to-sue letter from the EEOC or any
facts demonstrating that he is entitled to such a letter.  (Reply

---

[7]    Defendants emphasize that not only did plaintiff not
mark the applicable box but he crossed out the entire line
addressing filing with the EEOC.  (Defs.' RJN at Ex. G).

at 7).

An aggrieved party's failure to obtain an EEOC right-to-sue letter does not preclude federal jurisdiction.  See Zipes v. Trans Wold Airlines, Inc., 445 U.S. 385, 393 (1982).  It is well established that a plaintiff's failure to obtain a right-to-sue notice from EEOC is not a jurisdictional bar, instead it is a precondition to bringing a Title VII action that can be waived by the parties or the court.  Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1104-1105 (9th Cir. 2008) (citing Pietras v. Bd. of Fire Comm'rs, 180 F.3d 468, 474 (2d Cir. 1999).  Because there is a general requirement of a federal right-to-sue letter, courts typically consider the relative fault of the parties to determine whether the failure to obtain a right-to-sue letter should be excused.  Surrell, 518 F.3d at 1105.  The Ninth Circuit has held that where a plaintiff "is entitled to receive a right-to-sue letter from the EEOC, a plaintiff may proceed absent such letter, provided she has received a right-to-sue letter from the appropriate state agency."  Id. (noting that the plaintiff was entitled to a right-to-sue letter from the EEOC because the EEOC did not timely act on the plaintiff's properly filed charge).

Here, assuming an EEOC complaint was filed despite plaintiff's failure to request the filing via the DFEH form[8], the

---

[8]     Case law suggests that for purposes of filing with the EEOC, the relevant inquiry is whether the complaint was *intended* to be forwarded to the EEOC under the worksharing agreement between the agencies; it not critical whether the complaint made to the state agency was actually forwarded to the EEOC.  See Laquaglia, 186 F.3d at 1176 (noting in a constructive filing with the EEOC, "it is irrelevant whether the state agency actually followed the referral provisions in the agreement or erroneously began investigating a complaint that should have been forwarded to the EEOC").

question remains whether the DFEH right-to-sue letter is sufficient to bring a civil action under the ADA. Plaintiff received a right-to-sue letter from DFEH on February 11, 2009, but plaintiff does not allege facts in his complaint that demonstrate his entitlement to a right-to-sue letter from the EEOC. (Compl. at 5-6). Defendants' motion is therefore also properly granted on this ground.

However, defendants raised this issue for the first time in their Reply brief, and considering that leave to amend is to be freely given under Rule 15, the court grants plaintiff leave to amend his complaint to attempt to allege facts demonstrating that he exhausted his administrative remedies with the EEOC.

## C.   Timeliness of Plaintiff's Lawsuit

Defendants further argue that even if plaintiff exhausted administrative remedies for his ADA claims, *this lawsuit* was not timely filed. (Reply at 7). Defendants maintain this action is time-barred because it was not filed within 90 days of plaintiff's receipt of his right-to-sue notice from DFEH. (Id.).

Under Title VII an aggrieved party has 90 days to file a civil action after receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The Title VII requirement that a civil action be filed within 90 days from the date that the aggrieved party receives his right-to-sue letter operates as a statute of limitations. Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 (9th Cir. 1990). In Title VII actions the state statutes of limitation with respect to filing a civil action for employment discrimination are inapplicable. Kirk v. Rockwell Intern Corp., 578 F.2d 814, 819 (9th Cir. 1978).

13

In this case, even assuming plaintiff exhausted administrative remedies with the EEOC, the court must still consider whether the instant action was timely filed.  Plaintiff filed his original complaint on February 10, 2010, almost a full year after he received his right-to-sue letter from DFEH.  (Pl.'s Original Compl. ["Pl.'s Compl."], filed Feb. 10, 2010).  Because plaintiff filed the instant lawsuit after the 90 day period expired, the court finds that plaintiff's action is time-barred. Defendants' motion on this ground is likewise granted.

**D.   Application of Equitable Tolling**

In plaintiff's complaint, he alleges that his charge with DFEH was timely filed on October 29, 2007; however, in his opposition to defendants' motion to dismiss, plaintiff argues that the time for filing his administrative charge should be equitably tolled during the period when he claims he "diligently pursued his claims with the DFEH to no avail."[9]  (Compl. at 5; Opp'n at 5-6).  Plaintiff argues that his complaint would have been timely, but DFEH failed to make a proper complaint on his behalf.  (Opp'n at 6).  Defendants respond that plaintiff has not alleged sufficient facts to support application of the doctrine of equitable tolling.  (Reply at 8).

The Supreme Court has held that, although Title VII requires a plaintiff to timely exhaust his administrative remedies,

_____

[9]   Plaintiff's opposition only addresses equitably tolling with respect to exhausting administrative remedies with DFEH; however, his claim is also time-barred because he did not file the instant suit in the requisite 90 day period after receiving his right-to-sue letter.  Ultimately, to pursue this action, plaintiff will need to show entitlement to application of equitable tolling with respect to *both* time frames.

"filing a timely charge of discrimination with the EEOC is not a
prerequisite to suit in federal court, but a requirement that,
like a statute of limitations, is subject to waiver, estoppel,
and equitable tolling." Zipes, 455 U.S. at 393.  The 90 day time
period for filing civil actions under Title VII, like other
statutes of limitation, is also subject to the doctrine of
equitable tolling; however, it is to be applied only in extreme
circumstances based on a case by case analysis.  Scholar v.
Pacific Bell, 963 F.2d 264, 267 (9th Cir. 1992).

     The application of the equitable tolling doctrine is
dependant on the plaintiff's "excusable ignorance of the
limitations period" and lack of prejudice to the defendant.
Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th Cir. 2000).
It is well established that the doctrine of equitable tolling can
be applied in circumstances where a plaintiff's failure to comply
with the time limitations was because he had neither actual nor
constructive notice of the filing period.  Leorna v. U.S. Dep't
of State, 105 F.3d 548, 551 (9th Cir. 1997); see Santa, 202 F.3d
at 1178 ("[i]f a reasonable plaintiff would not have known of the
existence of a possible claim within the limitations period, then
equitable tolling will serve to extend the statute of limitations
for filing suit until the plaintiff can gather what information
he needs").  Equitable tolling focuses on the plaintiff's
excusable ignorance, but the doctrine is not available to avoid
the consequences of a plaintiff's own negligence.  Lehman v.
U.S., 154 F.3d 1010, 1016 (9th Cir. 1998); see Scholar, 963 F.2d
at 268 (noting that courts are generally unforgiving when a civil
action is filed late due to the claimant's failure to "exercise

15

due diligence in preserving his legal rights")(citations omitted).

Theoretically, provided plaintiff could allege the requisite facts, application of equitable tolling in this case could cure the untimeliness of both plaintiff's charge with the DFEH and the filing of this action.[10]  See Zipes, 455 U.S. at 393; Scholar, 963 F.2d at 266-67.  With respect to plaintiff's DFEH complaint, plaintiff argues that he advised DFEH fully regarding the identity of the defendants, the basis of his discrimination claims against them, and his desire for DFEH to take remedial action against defendants.  (Opp'n at 5-6).  Plaintiff also argues that before the 300 day filing period expired he made diligent efforts to encourage DFEH to file a proper complaint, that he was misinformed by DFEH, and he relied on the misinformation because he was required under Title VII to exhaust administrative remedies with DFEH in order to properly allege claims for relief under the ADA.  (Opp'n at 6).  With respect to the instant action, plaintiff does not allege any reason for filing his complaint after the 90 day period had expired.  (See Compl.; Opp'n).

---

[10]    The court notes that the factual allegations with respect to equitable tolling as to plaintiff's DFEH complaint are found in plaintiff's declaration; they are not plead in the first amended complaint.  However, even if the court considers the allegations at this juncture, they are not sufficient to establish a basis for application of equitable tolling. Additionally, the court notes that plaintiff does not allege *any* facts to address why his complaint in this action was filed well after the 90 day statute of limitations, and therefore, there is clearly no basis to apply equitable tolling in order to permit the filing of this action.

The court finds plaintiff's allegations regarding the timeliness of his DFEH charge insufficient to establish a factual predicate for plaintiff's excusable ignorance of the limitations period.  Plaintiff focuses on DFEH's conduct to support application of equitable tolling to his failure to exhaust administrative remedies with DFEH; however, these allegations do not support application of equitable tolling because plaintiff's ability to invoke the doctrine is dependant on *his unawareness* of the limitations period, not the conduct of a third party.  See Santa Maria, 202 F.3d at 1179 (noting that equitable tolling may not be invoked by an ADA plaintiff, who within the limitations period, had sufficient information to know of the possible existence of a claim).  Here, it appears from the facts alleged that plaintiff was well aware of the basis for a potential claim against defendants, and he offers no basis to excuse his untimely filing under those known facts.  Additionally, because plaintiff does not allege any facts in his complaint or his opposition concerning the delay in filing the instant action, the court also concludes plaintiff has not established a factual predicate for the application of equitable tolling to his failure to file the instant action within the 90 day period.  Therefore, defendants' motion must be granted on the grounds set forth above; the court cannot find, at this juncture, that plaintiff is entitled to application of equitable tolling.

Nonetheless, because leave to amend shall be freely given under Rule 15, the court grants plaintiff leave to amend his complaint to attempt to allege a sufficient factual predicate to support application of equitable tolling to the filing of

17

plaintiff's DFEH charge.  The court notes that even if plaintiff amends his allegations to establish application of equitable tolling to his DFEH charge, his civil action will be time-barred unless he can *additionally* allege a sufficient factual predicate for application of equitable tolling to the filing of the instant action.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED.  Plaintiff, however, is permitted leave to amend. Plaintiff shall file a second amended complaint in accordance with this order within 20 days of the date of this order. Defendants shall have 20 days after service thereof to file a response.

The court defers ruling on plaintiff's cross-motion for leave to amend to add FEHA claims because if plaintiff cannot allege a sufficient claim under the ADA, there is no basis for federal jurisdiction in this case.  As such, plaintiff may renew his motion to amend following either the filing of defendants' answer to plaintiff's second amended complaint or this court's order on any motion to dismiss finding plaintiff's ADA claims sufficiently plead.

IT IS SO ORDERED.


DATED: October 19, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE