1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11    SERGIO ALUNAN,
                                          NO. CIV. S-10-356 FCD/DAD
12              Plaintiff,

13         v.                             MEMORANDUM AND ORDER

14    YOLO COUNTY, YOLO COUNTY BOARD
      OF SUPERVISORS, YOLO COUNTY
15    PUBLIC AUTHORITY FOR IN-HOME
      SUPPORTIVE SERVICES, YOLO
16    COUNTY DISTRICT ATTORNEY'S
      OFFICE, DAVID HENDERSON as
17    DISTRICT ATTORNEY OF YOLO
      COUNTY, STEVE BASHA as COUNTY
18    COUNSEL FOR YOLO COUNTY, DAN
      CEDERBORG, HELEN THOMPSON,
19    RICHARD GILBERT, and DOES 1-
      20,
20
                Defendants.
21
                                ----oo0oo----
22
           This matter is before the court on defendants' motion to
23
      dismiss plaintiff Sergio Alunan's first amended complaint ("FAC")
24
      pursuant to Federal Rule of Civil Procedure 41(b).[1]  On October
25
      19, 2010, the court issued a memorandum and order, granting
26

27         [1]    Because oral argument will not be of material
      assistance, the court orders this matter submitted on the briefs.
28    E.D. Cal. L.R. 230(g).

                                      1

2 of 2

1 | defendants' motion to dismiss the FAC on the basis of the statute
2 | of limitations and a failure to exhaust administrative remedies.
3 | (Docket #19.)  Plaintiff, however, was granted leave to file a
4 | second amended complaint ("SAC") establishing a factual basis for
5 | application of the doctrine of equitable tolling with respect to
6 | his Americans with Disabilities Act claims.  Said complaint was
7 | due on or before November 8, 2010.
8 |      To date, plaintiff has not filed a SAC, and he did not
9 | respond to the instant motion.  As such, the court dismisses this
10 | case pursuant to Rule 41(b) for a failure to prosecute.[2]  <u>See</u>
11 | <u>Edwards v. Marin Park Inc.</u>, 356 F.3d 1058, 1065 (9th Cir. 2004)
12 | (recognizing that although dismissals as sanctions for the
13 | failure to prosecute or comply with a court order are generally
14 | disfavored as drastic measures, such dismissals may be proper
15 | where leave to amend is given following a correctly granted Rule
16 | 12(b)(6) motion and the plaintiff fails to take any action
17 | whatsoever).
18 |      Defendant's Rule 41(b) motion to dismiss is HEREBY GRANTED.
19 | The Clerk of the Court is directed to close this file.
20 |      IT IS SO ORDERED.
21 | DATED: January 13, 2011
22 |
23 |
24 |                              FRANK C. DAMRELL, JR.
                                UNITED STATES DISTRICT JUDGE
25 |
26 |      [2]    Rule 41(b) provides: "For failure of the plaintiff to
     prosecute or to comply with . . . any order of court, a defendant
     may move for dismissal of an action or of any claim against the
27 | defendant.  Unless the dismissal order states otherwise, a
     dismissal under this subdivision (b) . . . operates as an
28 | adjudication on the merits."

2